IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GEREMIAS FLORENCIO ESTRADA CARDONA,

    Petitioner,

v.                                                               No. 2:26-cv-00035-KG-JFR

KRISTI NOEM, et al.,

    Respondents.

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Geremias Florencio Estrada Cardona's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 10. On January 13, 2026, this Court entered an Order to Answer, directing the Government to respond to the petition in ten days of service of the petition. Doc. 6. That petition was served on January 27, 2026. The Government responded on February 11, 2026, conceding that its response is untimely. Doc. 10 at 1. For the reasons below, petitioner's habeas petition is granted.

*I.*     *Background*

Mr. Estrada Cardona, a Guatemalan citizen, entered the United States in 2007 without inspection. Doc. 1 at 10. For the past 17 years, he has lived in Queens, New York, and has three minor children who are U.S. citizens. *Id.* Prior to this incident, Mr. Estrada Cardona had never encountered immigration authorities. *Id.* at 2.

On November 5, 2025, Immigration and Customs Enforcement ("ICE") officers arrested Mr. Estrada Cardona near his home in Queens. *Id.* at 11. Mr. Estrada Cardona remains detained at the Otero County Processing Center in New Mexico. *Id.* ICE has initiated removal proceedings but has not entered an order of removal. *Id.* at 20. Mr. Estrada Cardona claims his

1

detention violates the Immigration and Nationality Act ("INA") and the Fifth Amendment's Due Process Clause. *Id.* at 12, 16. He seeks immediate release, or a prompt bond hearing. *Id.* at 20.

## II.     Standard of Review

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas*, 533 U.S. at 687.

## III.    Analysis

For the reasons below, the Court finds that (A) 8 U.S.C. § 1226 governs Mr. Estrada Cardona's detention, (B) Mr. Estrada Cardona's detention violates his right to due process, and (C) the proper remedy is a bond hearing where the Government bears the burden of proof.

### A.     *Section 1226 governs Mr. Estrada Cordona's detention.*

The INA establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Section 1225(b)(2)(A) applies to "applicant[s] for admission" who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted." The "provision mandates detention and affords no bond hearing." *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.) (Gonzales, J.). By contrast, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed." Noncitizens "detained under this second detention regime are entitled to individualized bond hearings at the outset of detention." *Id.*

Consistent with the overwhelming majority of district courts to consider the issue and this Court's prior findings, the Court finds that § 1226 governs here. *See Barco Mercado v. Francis*, 2025 WL 3295903, at *13 (S.D.N.Y.) (collecting 362 district-court opinions nationwide and

noting that challengers prevailed in at least 350 of them, in decisions by over 160 judges across fifty courts); *Pu Sacvin*, 2025 WL 3187432 (Gonzales, J.); *Danierov v. Noem*, 2026 WL 45288, at *2 (D.N.M.) (Gonzales, J.).  The Court acknowledges the recent Fifth Circuit decision holding that "[w]hile [noncitizens] remain applicants" for admission, "they are...seeking admission." *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330, at *5 (5th Cir.).  The Tenth Circuit has not yet addressed this question.  Section 1225(a)(1) defines an "applicant for admission" as a noncitizen "who has not been admitted *or* who arrives in the United States."  In contrast, § 1225(b)(2)(A)'s detention mandate applies only to noncitizens "*seeking* admission" (emphasis added).  Noncitizens "seeking admission" are those who have not "effected an entry" into the United States.  *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020).  Noncitizens "who entered the country years earlier" are not "seeking admission," and therefore fall under § 1226 rather than § 1225(b)(2)(A).  *Pu Sacvin*, 2025 WL 3187432, at *3.

Under this framework, § 1226 governs Mr. Estrada Cardona's detention.  ICE arrested him 17 years after his initial entry into the United States and did not apprehend him at or near the border.  Doc. 1 at 11.  Accordingly, § 1225's mandatory detention provision does not apply because Mr. Estrada Cardona effected an entry into the United States by living here for nearly two decades.  *Pu Sacvin*, 2025 WL 3187432, at *3.  As the Government concedes, the facts of this case are "substantially similar" to those in *Patel v. Noem*, 2026 WL 103163 (D.N.M.), where this Court granted relief.  Doc. 10 at 2.

**B.     *Mr. Estrada Cardona's detention violates his right to due process.***

Courts analyze due process claims in two steps: first, whether there exists "a protected liberty interest under the Due Process Clause," and second, whether the procedures used to deprive that interest "accord with the Constitution." *Domingo v. Castro*, 2025 WL 2941217, at *3 (D.N.M.).  Here, Mr. Estrada Cardona has a protected liberty interest.  Once released from

immigration detention, noncitizens acquire "a protectable liberty interest in remaining out of custody on bond." *Danierov*, 2026 WL 45288, at *2. Mr. Estrada Cardona's prior release allowed "him to do a wide range of things," including to live at home, work, and "be with family and friends and to form the other enduring attachments of normal life." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). Indeed, Mr. Estrada Cardona has lived in New York for 17 years, established deep ties with his community, and has three children there. Doc. 1 at 11.

Mr. Estrada Cardona was also entitled to procedural safeguards before he was detained. In determining what process is due, courts consider (1) "the private interest" affected; (2) "the risk of erroneous deprivation" through the procedures used and the probable value of additional safeguards; and (3) "the Government's interest," including the fiscal and administrative burdens of additional procedures. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). To start, Mr. Estrada Cardona's private interest in remaining free from detention is substantial. "Freedom from imprisonment...lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

There is also a significant risk of erroneous deprivation. Although DHS may revoke release "at any time," courts require "a material change in circumstances as to whether the noncitizen poses a danger to the community or an unreasonable risk of flight" before revoking release. *Danierov*, 2026 WL 45288, at *2. Mr. Estrada Cardona was detained after 17 years of liberty. Doc. 2 at 3. No assessment was made as to whether any material facts had changed, creating a substantial risk of erroneous deprivation of his liberty interest.

Finally, the Government's interest in detaining Mr. Estrada Cardona without a hearing is limited, and the administrative burden of providing a bond hearing is minimal. *See Danierov*, 2026 WL 45288, at *2 (the "cost of providing a bond determination is not terribly burdensome").

    **C.**    ***The remedy is a bond hearing where the Government bears the burden of proof.***

The proper habeas remedy is a prompt bond hearing at which the Government must prove, by clear and convincing evidence, that Mr. Estrada Cardona is a flight risk or danger to the community.  Although "under normal circumstances, the burden" at a § 1226 hearing "is on the noncitizen" to show that detention is unwarranted, Mr. Estrada Cardona's "unlawful detention in violation of his constitutional rights shifts that burden to the Government."  *Pu Sacvin*, 2025 WL 3187432, at *3.  A noncitizen's "strong private interest in being free from civil detention" outweighs the Government's "comparatively minimal burden to justify custody."  *Id.*

IV. Conclusion

The Court therefore grants Mr. Estrada Cardona's petition, Doc. 1.  The Court directs the Government to provide Mr. Estrada Cardona with a bond hearing under § 1226(a) before an Immigration Judge within seven days of this Order.  At that hearing, the Government must justify Mr. Estrada Cardona's detention by clear and convincing evidence.  If the Government fails to provide a bond hearing within that timeframe, it must release Mr. Estrada Cardona.  The Court also orders the Government to file a status report within ten days of this Order confirming that it has provided Mr. Estrada Cardona with a bond hearing or released him.

IT IS SO ORDERED

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.